UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FUTURE REALTY MANAGEMENT, LLC
and MLQ REALTY MANAGEMENT, LLC                    Docket No.: 07 CV 11528 (SCR)

              Plaintiffs,

                                     **AMENDED COMPLAINT**

        vs.

NGM INSURANCE COMPANY formerly
known as NATIONAL GRANGE MUTUAL            PLAINTIFFS DEMAND
INSURANCE COMPANY and NATIONAL              TRIAL BY JURY
GRANGE MUTUAL INSURANCE COMPANY

            Defendants.
-----------------------------------------------------------X



        Plaintiffs, FUTURE REALTY MANGEMENT, LLC and MLQ REALTY MANGEMENT, LLC, by way of their Amended Complaint against the defendants, NGM INSURANCE COMPANY formerly known as NATIONAL GRANGE MUTUAL INSURANCE COMPANY and NATIONAL GRANGE MUTUAL INSURANCE COMPANY, hereby says:

## I. THE PARTIES

    1.    At all times hereinafter mentioned, plaintiff FUTURE REALTY MANAGEMENT, LLC ("FUTURE"), was and still is a domestic limited liability company, organized and existing under and by virtue of the laws of the State of New York.

    2.    At all times hereinafter mentioned, plaintiff MLQ REALTY MANAGEMENT, LLC ("MLQ") was and still is a domestic limited liability company, organized and existing under and by virtue of the laws of the State of New York.

ABRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW
MADISON AVENUE, 22ND FLOOR
YORK, NEW YORK 10017

3. At all times hereinafter mentioned defendant NGM INSURANCE COMPANY formerly known as NATIONAL GRANGE MUTUAL INSURANCE COMPANY ("NGM") was and still is a foreign Corporation, organized under and by virtue of the laws of the State of Florida, with its principal place of business located in the State of Florida.

4. At all times hereinafter mentioned defendant NATIONAL GRANGE MUTUAL INSURANCE COMPANY ("NATIONAL GRANGE") was and still is a foreign Corporation, organized under and by virtue of the laws of the State of Florida, with its principal place of business located in the State of New Hampshire.

5. At all times hereinafter mentioned, defendants were licensed and authorized by the Superintendent of Insurance to issue policies of insurance in the State of New York, including the policy issued to FUTURE and MLQ herein.

## II. JURISDICTION

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## III. VENUE

7. The venue of this matter is proper in this district under 28 U.S.C. §1391(a)(2) because the events giving rise to plaintiffs' claim took place in the Southern District of New York, and the property that is the subject of this action is located there.

BRAHAM, LERNER & ARNOLD, LLP
ATTORNEYS AT LAW
ADISON AVENUE, 22ND FLOOR
YORK, NEW YORK 10017

## IV. THE POLICY

8. Prior to October 12, 2005, for good and valuable consideration, NGM and/or NATIONAL GRANGE issued a policy of insurance bearing number BPV30755, with effective dates of coverage from September 23, 2005 through September 23, 2006 (hereinafter referred to as "the Policy"), which policy insured the premises located at 465-469 Main Street, Poughkeepsie, New York (hereinafter referred to as "the subject premises") against all risks of loss, with the exception of those specifically limited or excluded.

## V. BACKGROUND FACTS RELEVANT TO ALL CAUSES OF ACTION

9. At all relevant times, FUTURE was the title owner of the subject premises.

10. At all times hereinafter mentioned, FUTURE maintained an insurable interest in the subject premises insured by the Policy.

11. The Policy specifically provides that the plaintiffs must cooperate with the NGM and/or NATIONAL GRANGE in the investigation of the claim, and submit to examinations under oath as reasonably required.

12. On July 13, 2006, September 21, 2006, October 11, 2006, December 12, 2006, December 19, 2006 and March 29, 2007, plaintiffs submitted documentation to NGM and/or NATIONAL GRANGE in response to requests that were made.

13. On January 26, 2007, May 21, 2007, June 20, 2007, October 1, 2007, December 12, 2007 and December 13, 2007, plaintiffs appeared at examinations under oath.

BRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW
ADISON AVENUE, 22ND FLOOR
YORK, NEW YORK 10017

14. Notwithstanding plaintiffs' absolute cooperation, NGM and/or NATIONAL GRANGE have repeatedly threatened to disclaim coverage on grounds of failure to cooperate.

15. In a letter dated November 14, 2006, counsel for NGM and/or NATIONAL GRANGE wrote, regarding plaintiffs obligations to produce documents:

- Your client's failure to retain records or his inability to locate them, does not relieve him of his obligation to secure copies and forward them to his insurance company;

- Your client's failure to retain records or inability to locate them does not relieve him of his obligation to secure copies and forward same promptly;

- Furthermore, since these items are being demanded pursuant to an insurance contract, and not in accordance with any court proceeding, whether some of these items may be public record is irrelevant. It is MLQ's responsibility to track them down, not its carrier;

- It is difficult to believe that the broker who has first hand knowledge of this loss and was present at the time it occurred is not cooperating with Mr. Quinones. However, if that is the case, you have at your disposal the legal means necessary to secure those records on your client's behalf, and I would encourage you to do so immediately;

16. Neither the Policy nor the decisional caselaw on the issue require that an insured take the steps outlined in counsel's letter to obtain requested documentation.

17. Furthermore, it was not until the fifth session of examinations under oath that questions were asked regarding the actual loss giving rise to the claim.

18. Topics covered at the examinations under oath have included things as unrelated as transactions involving other properties owned by the principals of plaintiffs; repairs made to other properties owned by the principals of plaintiffs; bank records and bank statements for a taxi

cab company owned by the principals of plaintiffs; tenants and leases for other premises owned by the principals of plaintiffs; repairs made to the premises years prior to the loss; and tenants who have entered into leases at the subject premises subsequent to the loss.

19. By requesting that plaintiffs take extraordinary steps to obtain requested documentation, and by inquiring into topics that are wholly irrelevant to the issues of the claim, NGM and/or NATIONAL GRANGE have abused their rights under the policy.

20. Plaintiffs believe that NGM and/or NATIONAL GRANGE are attempting to manufacture a defense of failure to cooperate to avoid payment of its legitimate claim.

21. Nonetheless, plaintiffs will continue to provide documentation in response to requests made by NGM and/or NATIONAL GRANGE as best they can, and will make themselves available for additional examinations under oath.

22. Furthermore, the Policy specifically provides that NGM and/or NATIONAL GRANGE will advise plaintiffs of the manner in which it will tender loss payment within thirty (30) days of NGM and/or NATIONAL GRANGE's receipt of a sworn statement in proof of loss.

23. NGM and/or NATIONAL GRANGE received plaintiffs' sworn statement in proof of loss on October 27, 2006.

24. At no time since October 27, 2006 have NGM and/or NATIONAL GRANGE advised plaintiffs of their election of the manner of loss payment.

BRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW
ADISON AVENUE, 22ND FLOOR
YORK, NEW YORK 10017

## VI. PLAINTIFFS' FIRST CAUSE OF ACTION AGAINST NGM
### (Breach of Contract)

25.  Plaintiffs repeat, reiterate and reallege each and every allegation set forth in preceding paragraphs numbered "1" through "24," inclusive, with the same force and effect as though more fully set forth herein at length.

26.  On or about October 12, 2005, while the Policy was in full force and effect, the subject premises were extensively damaged by water and its effects.

27.  The cause of the October 12, 2005 water damage loss to the subject premises is neither limited nor excluded in the Policy.

28.  Subsequent to the loss of October 12, 2005, plaintiffs submitted a claim to NGM seeking to be indemnified for the damages sustained to the subject premises as the result of a covered peril and pursuant to the terms of the Policy.

29.  NGM has failed to indemnify plaintiffs for the damages sustained to the subject premises, despite the fact that same has been duly demanded.

30.  NGM's failure to indemnify plaintiff for the damages sustained to the subject premises by virtue of the October 12, 2005 loss constitutes a breach of contract.

31.  NGM's actions in insisting that plaintiffs undertake extraordinary steps to obtain documents not within their control, and the requirement that plaintiffs appear at multiple examinations under oath, which inquired into areas well beyond the scope of what was material to NGM's investigation of the claim, constitutes an abuse of NGM's rights under the policy and, concomitantly, a breach of contract.

32. NGM's failure to timely advise plaintiffs of the manner of its election of loss payment constitutes a breach of contract.

33. As a result of NGM's breach of contract, plaintiffs have been damaged in the sum of at least $249,818.87, with the precise amount to be determined at the trial of this action.

## VI. PLAINTIFFS' SECOND CAUSE OF ACTION AGAINST NATIONAL GRANGE
### (Breach of Contract)

34. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in preceding paragraphs numbered "1" through "33," inclusive, with the same force and effect as though more fully set forth herein at length.

35. On or about October 12, 2005, while the Policy was in full force and effect, the subject premises were extensively damaged by water and its effects.

36. The cause of the October 12, 2005 water damage loss to the subject premises is neither limited nor excluded in the Policy.

37. Subsequent to the loss of October 12, 2005, plaintiffs submitted a claim to NATIONAL GRANGE seeking to be indemnified for the damages sustained to the subject premises as the result of a covered peril and pursuant to the terms of the Policy.

38. NATIONAL GRANGE has failed to indemnify plaintiffs for the damages sustained to the subject premises, despite the fact that same has been duly demanded.

39. NATIONAL GRANGE's failure to indemnify plaintiff for the damages sustained to the subject premises by virtue of the October 12, 2005 loss constitutes a breach of contract.

ABRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW
ADISON AVENUE, 22ND FLOOR
YORK, NEW YORK 10017

40. NATIONAL GRANGE's actions in insisting that plaintiffs undertake extraordinary steps to obtain documents not within their control, and the requirement that plaintiffs appear at multiple examinations under oath, which inquired into areas well beyond the scope of what was material to NATIONAL GRANGE's investigation of the claim, constitutes an abuse of NATIONAL GRANGE's rights under the policy and, concomitantly, a breach of contract.

41. NATIONAL GRANGE's failure to timely advise plaintiffs of the manner of its election of loss payment constitutes a breach of contract.

42. As a result of NATIONAL GRANGE's breach of contract, plaintiffs have been damaged in the sum of at least $249,818.87, with the precise amount to be determined at the trial of this action.

## VI. PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST NGM
### (Reformation)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42", inclusive, with the same force and effect as though more fully set forth herein at length.

44. At all relevant times, FUTURE was the owner of the subject premises

45. On October 12, 2005, the subject premises were damaged by water and its effects.

BRAHAM, LERNER & ARNOLD, LLP
ATTORNEYS AT LAW
ADISON AVENUE, 22ND FLOOR
YORK, NEW YORK 10017

46. At the time of the October 12, 2005 water damage loss, the named insured under policy number BPV30755 issued by NGM with respect to the subject premises was MLQ and not FUTURE, the title owner of this building.

47. By issuing its policy of insurance, NGM manifested an intention to insure the subject premises against all risks of loss, including damage caused by water and its effects.

48. The identification of MLQ as the named insured on the policy issued by NGM with respect to the subject premises, and the failure to have properly identified FUTURE as the named insured for this building was an error.

49. The failure of FUTURE to be identified as the owner of the subject premises, and to be properly named on the policy issued by NGM was not the result of any concealment or intent to deceive on the part of plaintiffs or their broker.

50. The failure of FUTURE to be properly named on the policy issued by NGM with respect to the subject premises was a unilateral mistake, which pursuant to the decision of the Second Department in <u>Court Tobacco Stores v. Great Eastern Insurance Company</u>, 43 A.D.2d 561, 347 N.Y.S.2d 8 (2nd Dept. 1973), is deemed mutual for purposes of reformation.

51. The failure of FUTURE to be properly named on the policy issued by NGM was a mutual mistake.

52. Consequently, plaintiffs respectfully request that the policy of insurance be reformed to correctly identify FUTURE as the named insured with respect to the subject premises, retroactive to the issuance date of the policy.

ABRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW
ADISON AVENUE, 22ND FLOOR
YORK, NEW YORK 10017

## VI. PLAINTIFF'S FOURTH CAUSE OF ACTION AGAINST NATIONAL GRANGE
### (Reformation)

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52", inclusive, with the same force and effect as though more fully set forth herein at length.

54. At all relevant times, FUTURE was the owner of the subject premises

55. On October 12, 2005, the subject premises were damaged by water and its effects.

56. At the time of the October 12, 2005 water damage loss, the named insured under policy number BPV30755 issued by NATIONAL GRANGE with respect to the subject premises was MLQ and not FUTURE, the title owner of this building.

57. By issuing its policy of insurance, NATIONAL GRANGE manifested an intention to insure the subject premises against all risks of loss, including damage caused by water and its effects.

58. The identification of MLQ as the named insured on the policy issued by NATIONAL GRANGE with respect to the subject premises, and the failure to have properly identified FUTURE as the named insured for this building was an error.

59. The failure of FUTURE to be identified as the owner of the subject premises, and to be properly named on the policy issued by NATIONAL GRANGE was not the result of any concealment or intent to deceive on the part of plaintiffs or their broker.

BRAHAM, LERNER & ARNOLD, LLP
ATTORNEYS AT LAW
MADISON AVENUE, 22ND FLOOR
YORK, NEW YORK 10017

60. The failure of FUTURE to be properly named on the policy issued by NATIONAL GRANGE with respect to the subject premises was a unilateral mistake, which pursuant to the decision of the Second Department in Court Tobacco Stores v. Great Eastern Insurance Company, 43 A.D.2d 561, 347 N.Y.S.2d 8 (2nd Dept. 1973), is deemed mutual for purposes of reformation.

61. The failure of FUTURE to be properly named on the policy issued by NATIONAL GRANGE was a mutual mistake.

62. Consequently, plaintiffs respectfully request that the policy of insurance be reformed to correctly identify FUTURE as the named insured with respect to the subject premises, retroactive to the issuance date of the policy.

WHEREFORE, plaintiffs demand judgment: (1) on their First Cause of Action against NGM in the sum of at least $249,818.87, with the precise amount to be determined at the trial of this action; (2) on their Second Cause of Action against NATIONAL GRANGE in the sum of at least $249,818.87, with the precise amount to be determined at the trial of this action; (3) on their Third Cause of Action for reformation of the policy number BPV30755 issued by NGM, correctly identifying FUTURE as the named insured with respect to the subject premises, retroactive to the issuance date of the policy; and (4) on their Fourth Cause of Action for reformation of the policy number BPV30755 issued by NATIONAL GRANGE, correctly identifying FUTURE as the named insured with respect to the subject premises, retroactive to

RAHAM, LERNER
& ARNOLD, LLP
TTORNEYS AT LAW
DISON AVENUE, 22ND FLOOR
ORK, NEW YORK 10017

the issuance date of the policy, with interest thereon from October 12, 2005, altogether with the costs and disbursements of this action.

Dated: New York, New York
January 30, 2008

                                     Yours, etc.

                                     ABRAHAM, LERNER & ARNOLD, LLP
                                     Attorneys for Plaintiff

                                     By _____
                                        Johnathan C. Lerner (JL 5754)
                                     292 Madison Avenue, 22nd Floor
                                     New York, New York 10017
                                     (212) 686-4655

ABRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW
ADISON AVENUE, 22ND FLOOR
YORK, NEW YORK 10017