UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FUTURE REALTY MANAGEMENT, LLC and
MLQ REALTY MANAGEMENT, LLC             Index No: 07 CV 11528

                                                         *Verified Answer To*
                                                         *Amended Complaint*

                           Plaintiffs,

      -against-

NGM INSURANCE COMPANY formely known
as NATIONAL GRANGE MUTUAL INSURANCE
COMPANY and NATIONAL GRANGE INSURANCE
COMPANY

                           Defendant.
------------------------------------------------------------------x

      Defendants NGM INSURANCE COMPANY f/k/a NATIONAL GRANGE MUTUAL INSURANCE COMPANY and NATIONAL GRANGE INSURANCE COMPANY (hereinafter "NATIONAL GRANGE"), by their attorneys, WADE CLARK MULCAHY, as and for answer to the plaintiff's complaint, respectfully alleges:

### I. THE PARTIES

     1. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

     2. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

     3. Admit.

     4. Denies.

5. Denies except admits that defendants were authorized to issue policies of insurance in the State of New York.

## II. JURISDICTION

6. Denies and leaves all matter of law to the honorable court.

## III. VENUE

7. Denies and leaves all matters of law to the honorable court.

## IV. THE POLICY

8. Denies except admits that defendant issued a policy of insurance bearing number BPV30755.

## V. BACKGROUND FACTS RELEVANT TO ALL CAUSES OF ACTION

9. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

10. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

11. Answering defendant cannot admit or deny the allegation containing in paragraph 11 as the document referred speaks for itself.

12. Denies except admits that plaintiffs submitted certain documentation to defendants.

13. Denies except admits that plaintiffs appeared at examinations under oath.

14. Denies.

15. Answering defendant cannot admit or deny the allegation containing in paragraph 15 as the document referred speaks for itself.

16. Denies and leaves all matters of law to the honorable court.

17. Denies.

18. Answering defendant cannot admit or deny the allegation containing in paragraph 18 as the transcripts referred speaks for itself.

19. Denies and leaves all matters of law to the honorable court.

20. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

21. Denies upon information and belief.

22. Answering defendant cannot admit or deny the allegation containing in paragraph 22 as the document referred speaks for itself.

23. Denies.

24. Denies.

### VI. PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST NGM
(Breach of Contract)

25. Defendants NATIONAL GRANGE INSURANCE COMPANY repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "24" inclusive with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designates "25."

26. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

27. Denies and leaves all matters of law to the honorable court.

28. Denies except admits that plaintiffs submitted a claim to defendant seeking to be indemnified for the damages sustained to the subject premises.

29. Denies except admits that defendants have not yet indemnified plaintiffs for the alleged damages.

30. Denies.

31. Denies.

32. Denies.

33. Denies upon information and belief.

### VII. PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST NGM
(Breach of Contract)

34. Defendants NATIONAL GRANGE INSURANCE COMPANY repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "33" inclusive with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designates "34."

35. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

36. Denies and leaves all matters of law to the honorable court.

37. Denies except admits that plaintiffs submitted a claim to defendant seeking to be indemnified for the damages sustained to the subject premises.

38. Denies except admits that defendants have not yet indemnified plaintiffs for the alleged damages.

39. Denies.

40. Denies.

41. Denies.

42. Denies upon information and belief.

## VI. PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST NGM
### (Reformation)

43. Defendants NATIONAL GRANGE INSURANCE COMPANY repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "42" inclusive with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designates "43."

44. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

45. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

46. Denies except admits that at the time of the alleged October 12, 2005 water damage loss the named insured under policy number BPV30755 was MLQ and not FUTURE.

47. Denies.

48. Denies.

49. Denies upon information and belief.

50. Denies and leaves all matter of law to the honorable court.

51. Denies.

52. Denies and leaves all matter of law to the honorable court.

## VI. PLAINTIFF'S FOURTH CAUSE OF ACTION AGAINST NATIONAL GRANGE
### (Reformation)

53. Defendants NATIONAL GRANGE INSURANCE COMPANY repeats and reiterates each and every denial of heretofore made in this answer to the paragraphs of the

complaint designated "1" through "52" inclusive with the same force and effect as if set forth here more particularly at length, all I response to the paragraphs of the complaint designates "53."

54. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

55. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

56. Denies except admits that at the time of the alleged October 12, 2005 water damage loss, the named insured under policy number BPV30755 was MLQ and not FUTURE.

57. Denies.

58. Denies.

59. Denies upon information and belief.

60. Denies and leaves all matters of law to the honorable court.

61. Denies.

62. Denies and leaves all matter of law to the honorable court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63. The complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

64. The defendants not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby asserts and reserves unto itself the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by

fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

65. This plaintiff is not the real party in interest or proper plaintiff to assert this claim.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

66. That the lawsuit herein was not commenced by the plaintiff(s) within the time prescribed by the contract of insurance herein, and the plaintiff(s), therefore, is barred from maintaining this action and recovery.

### AS AND FOR FIFTH AFFIRMATIVE DEFENSE

67. Plaintiffs failed to give sufficient notice of the alleged loss and damage to third-party defendant pursuant to the conditions and terms of the contract of insurance.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

68. Plaintiffs failed to comply with conditions precedent to bringing an action under the policy.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

69. This answering defendant was never notified that Future Realty Management, LLC was to be named as an additional insured on the policy of insurance issued to MLQ Realty Management, LLC.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

70. No coverage is afforded under the policy as, upon information and belief, plaintiffs made material misrepresentation on the application for such policy.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

71. No coverage is afforded under the policy as, upon information and belief, plaintiffs made material misrepresentation as to the cause of the loss and the amount of damages suffered.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

72. No coverage is afforded under the policy as plaintiffs have failed to fully cooperate with the investigation into the cause of loss and amount of damages.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

73. Any coverage provided by the policy is void as plaintiffs failed to mitigate the damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

74. Upon information and belief, the alleged damage suffered by the insured's property was the result of ordinary wear and tear and by plaintiffs' failure to maintain the property. All such damages are excluded under the terms and conditions of the policy.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

75. Plaintiffs may not maintain the instant action as they have failed to comply with all terms of the policy.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

76. Upon information and belief, the property was vacant, as defined by the policy, at the time of the loss. As such, no coverage is provided by the policy.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

77. Future Realty Management, LLC is not an insured under the policy of insurance. As such, no coverage is afforded to Future Realty Management, LLC.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

78. Upon information and belief, MLQ Realty Management, LLC had no insurable interest in the property that is the subject of the claim asserted by plaintiffs. As such, no coverage is afforded for this loss.

**WHEREFORE**, defendants demand judgment dismissing the complaint herein, together with the costs and disbursements of this action.

Dated: New York, New York
February 19, 2008

WADE CLARK MULCAHY

By: David F. Tavella, Esq.
Attorneys for Defendant:
NATIONAL GRANGE MUTUAL
INSURANCE COMPANY
111 Broadway, 9th Floor
New York, New York 10006
(212) 267-1900
Our File No.: 670.5549.3D

TO:   (See Attached Affidavit)
K:\5549\legal\ANSWER.doc

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss:

Suzan Cherichetti, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Brooklyn, New York.

That on February 29, 2008, deponent served the within **Verified Answer To Amended Complaint,** upon the attorneys and parties listed below by United States prepaid mail:

TO:

    Jonathan C. Lerner
    ABRAHAM, LERNER & ARNOLD, LLP
    292 Madison Avenue, 22nd Floor
    New York, NY 10017
    (T) (212) 686-4655

_____
Suzan Cherichetti

Sworn to before me this
29th day of February, 2008

_____

DAVID F. TAVELLA
Notary Public, State of New York
No. 02TA5020916
Qualified in Queens County
Commission Expires December 6, 20____

*Index No.:*   07 CV 11528                                              Year:   2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FUTURE REALTY MANAGEMENT, LLC and
MLQ REALTY MANAGEMENT, LLC

        Plaintiffs,

  -against-

NGM INSURANCE COMPANY formely known
as NATIONAL GRANGE MUTUAL INSURANCE
COMPANY and NATIONAL GRANGE INSURANCE
COMPANY

        Defendant.

---

## Verified Answer To Amended Complaint

*Wade Clark Mulcahy*
*Attorneys for Claimant*
NATIONAL GRANGE MUTUAL INSURANCE COMPANY
*111 Broadway*
*New York, N.Y. 10006*
*(212) 267-1900*

---

*To:*   ***

*Attorney(s) for*   ***

*Service of a copy of the within* ***         is hereby admitted.

*Dated:* ***

                        ........................
                        *Attorney(s) for* ***

---

    *PLEASE TAKE NOTICE*

☐  *that the within is a (certified) true copy of a* ***.
    *entered in the office of the clerk of the within named Court on* ***
    NOTICE OF
    ENTRY

☐  *that an Order of which the within is a true copy will be presented for settlement to the*
    *Hon.* ***
    *one of the judges of the within named Court, at* ***, *on* ***, *at* ***   .

NOTICE OF
SETTLEMENT